JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 3 2004

FILED
CLERK'S OFFICE

A CERTIFIED TRUE COPY

JUN 1 5 2004

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*DOCKET NO. 1586*

*JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

FILED
ENTERED
RECEIVED

# IN RE MUTUAL FUNDS INVESTMENT LITIGATION

JUN 1 2004

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

*Rochelle Meyer, etc. v. Alliance Capital Management Holding L.P., et al.,*
S.D. New York, C.A. No. 1:03-9434   *04-1883*
*Gerald Klafter v. Strong Capital Management, Inc., et al.,* E.D. Wisconsin, C.A. No. 2:03-997   *04-1884*
*James L. DaPore v. Strong Financial Corp., et al.,* E.D. Wisconsin, C.A. No. 2:03-1407   *04-1885*

# BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., AND KATHRYN H. VRATIL,[*] JUDGES OF THE PANEL

## *TRANSFER ORDER*

Presently before the Panel are motions by plaintiffs in these three actions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the Panel's order conditionally transferring these actions to the District of Maryland for inclusion in the Section 1407 proceedings occurring there in this docket. Defendants[2] oppose the motions to vacate and favor inclusion of these three actions in MDL-1586 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions share sufficient questions of fact with actions in this litigation previously transferred to the District of Maryland. Transfer of these actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will also serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We note that pending motions to remand to state court can be presented to and decided by the transferee judges who have already set an expedited schedule for considering these motions. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the District of Maryland was a proper Section 1407 forum for actions arising out of allegations of market timing

---

[*] Judges Motz and Vratil did not participate in the decision of this matter.

[2] In *Meyer*: Alliance Capital Management Holding L.P., Alliance Capital Management L.P., and Alliance Capital Management Corporation. In *Klafter and DaPore*: Strong Capital Management, Inc., the Strong corporations, the Strong family of mutual funds, and five individual affiliated director defendants.

- 2 -

and/or late trading in the mutual fund industry. *See In re Mutual Funds Investment Litigation,* 310 F.Supp.2d 1359 (J.P.M.L. 2004).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these three actions are transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable J. Frederick Motz, Andre M. Davis, Frederick P. Stamp, Jr. (sitting in the District of Maryland pursuant to an intracircuit assignment under 28 U.S.C. § 292), and Catherine C. Blake for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman