A CERTIFIED TRUE COPY
AUG -6 2004
ATTEST
FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 0 2004

AUG - 6 2004

FILED
CLERK'S OFFICE

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DEPUTY

## DOCKET NO. 1586

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE MUTUAL FUNDS INVESTMENT LITIGATION

*Wayne County Employees' Retirement System v. Janus Capital Group, Inc., et al.,*
D. Colorado, C.A. No. 1:04-444   *04-2604*

*Kaveh S. Shahi, et al. v. Putnam Investments*, D. Vermont, C.A. No. 1:04-23   *04-2605*

**BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL[*] AND DAVID R. HANSEN,[*] JUDGES OF THE PANEL**

### TRANSFER ORDER

Presently before the Panel are motions by plaintiffs in these two actions (*Wayne County* and *Shahi*), pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the Panel's orders conditionally transferring these actions to the District of Maryland for inclusion in the Section 1407 proceedings occurring there in this docket. Defendants in each action oppose the motions and favor inclusion of these actions in MDL-1586 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these two actions share sufficient questions of fact with actions in this litigation previously transferred to the District of Maryland. Transfer of these two actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will also serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The Panel further finds that transfer is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the District of Maryland was a proper Section 1407 forum for actions arising out of allegations of market timing and/or late trading in the mutual fund industry. *See In re Mutual Funds Investment Litigation,* 310 F.Supp.2d 1359 (J.P.M.L. 2004).

The *Wayne County* and *Shahi* plaintiffs argue that the presence of unique questions of fact in these actions should produce a different result. We are unpersuaded by this argument. Indeed, we point out that inclusion of these actions in MDL-1586 has the salutary effect of placing all actions involving mutual fund market timing/late trading factual issues before judges in a single district who can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-

---

[*] Judges Motz and Hansen did not participate in the decision of this matter. Judge Vratil did not participate in this decision as it relates to *Wayne County*.

Case 1:04-md-15864-JFM   Document 203   Filed 08/10/04   Page 2 of 2

- 2 -

common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties by streamlining the litigation taken as a whole. We note that the MDL-1586 transferee court has already established separate discovery and/or motion tracks for each mutual fund family as well as separate tracks for the different types of actions involved.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these two actions are transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable J. Frederick Motz, Andre M. Davis, Frederick P. Stamp, Jr. (sitting in the District of Maryland pursuant to an intracircuit assignment under 28 U.S.C. § 292), and Catherine C. Blake for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman