UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>J. FREDERICK MOTZ<br>UNITED STATES DISTRICT JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-0782<br>(410) 962-2698 FAX |

February 27, 2006

Memo to Counsel Re: MDL-15864, Invesco Subtrack;
*Calderon v. Amvescap PLC, et al.*
Civil No. JFM-04-0824

Dear Counsel:

The purpose of this letter is to rule upon the Amvescap Defendants' motion to dismiss the ERISA complaint in the Invesco subtrack. Named as defendants are Amvescap PLC ("Amvescap"); Amvescap National Trust Co. ("ANTC"); Amvescap Retirement, Inc. ("ARI"); AVZ Inc. ("AVZ"); Invesco Funds Group, Inc. ("Invesco"); and Raymond R. Cunningham ("Cunningham").[1] In accordance with Judge Blake's opinion in the *Strong* subtrack, *In re Mutual Funds Inv. Litig.*, 403 F. Supp. 2d 434 (D. Md. 2005),[2] with which I fully agree, my rulings are as follows:

I.   Standing

Plaintiff Miriam Calderon ("Calderon") has both constitutional and statutory standing to pursue her claims for relief under ERISA § 502(a)(2). *Strong* at 440-44. She does not, however, have standing under ERISA § 502(a)(3) to obtain equitable relief from the defendants in the form of constructive trusts or restitution. *Id.* at 443.

---

[1] Robert F. McCullough, Gordon Nebeker, and Jeffrey G. Callahan were also originally included as defendants, but all three were dismissed by stipulation filed March 25, 2005.

[2] Throughout the remainder of this letter I will use the following short-form citation for Judge Blake's opinion: *Strong* at [page number(s) from F. Supp. 2d].

II.     Pleading Standard

Calderon's complaint need only meet the Fed.R.Civ.P. 8 notice pleading requirements. *Id*. at 440-41. I discuss below whether she has met this requirement with respect to each defendant.

III.    Fiduciary Status

ERISA "fiduciary status [is not] an all-or-nothing concept. . . . [A] party is a fiduciary only as to the activities which bring the person within the definition. The statutory language plainly indicates that the fiduciary function is not an indivisible one. In other words, a court must ask whether a person is a fiduciary with respect to the particular activity at issue." *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 61 (4th Cir. 1992). Thus, before addressing whether Calderon has adequately pled facts to establish the ERISA fiduciary status of the various defendants, it is first necessary to delineate the theories of fiduciary liability that Calderon is pursuing.

Included in Calderon's complaint are the following causes of action: 1) violating the duties of prudence and loyalty by including or failing to remove from the Plan Amvescap stock and the Invesco mutual funds in which market timing and late trading were occurring; 2) violating the prohibition on self-interested transactions by offering such securities as investment options; 3) misrepresenting the prudence of such securities to Plan participants; 4) violating the duty to monitor; and 5) incurring co-fiduciary liability. Calderon indicated at oral argument that she was abandoning the second and third causes of action, and I agree with Judge Blake that inconsistencies between Calderon's complaint and briefs militate against addressing the fourth and fifth causes of action at this time. *Strong* at 450 & nn.20-21.[3] That leaves only the prudence and loyalty claims to be

---

[3] Calderon may seek leave to amend her complaint, consistent with this opinion, within 40 days or by another date as set by the court upon request. If she does so, I recommend that she pay particular attention to footnote thirteen in Judge Blake's opinion, as well as the requirement, discussed below, that she plead specific facts to establish the *de facto* fiduciary status of defendants not named as fiduciaries in Plan documents.

considered.

Because I am only addressing these two claims, the particular fiduciary activities at issue are the addition and/or deletion of investment options from the Plan. As Judge Blake discussed in her opinion, there are two means by which Calderon can establish that a defendant had the fiduciary authority to engage in such activities: demonstrate that the defendant is a named Plan fiduciary that was assigned such authority, or plead specific facts that show the defendant performed specified discretionary functions with respect to the Plan's investment options such that it was a *de facto* fiduciary. *Id*. at 445. For the latter category of defendants, her factual allegations must amount to more than a mere recitation of the statutory language defining a fiduciary's roles. *Id*. at 446 (discussing *Custer v. Sweeney*, 89 F.3d 1156 (4th Cir. 1996)).

Having considered Calderon's complaint and the Plan documents, I conclude that she has succeeded in establishing the fiduciary status of only two defendants: AVZ and ANTC. Her prudence and loyalty claims against the remaining defendants are therefore dismissed. I will now address the allegations against each defendant in turn.

A. AVZ

AVZ is a named fiduciary that has authority to add or delete investment options from the Plan.

B. ANTC

ANTC is a named fiduciary in that it serves as the directed trustee of the Plan. The defendants argue that, as a directed trustee, ANTC had no discretion over the investment or management of Plan assets, and thus it cannot be held liable for any alleged imprudent investments. *See* ERISA § 403(a)(1). However, they concede that directed trustees can retain some modicum of

fiduciary responsibility with respect to Plan investment options. Defendants' Omnibus Brief at 21 (quoting U.S. Dep't of Labor, Field Assistance Bulletin No. 2004-03 at 5 (Dec. 17, 2004) ("*Absent non-public information*, a directed trustee, given its limited fiduciary duties as determined by statute, will rarely have an obligation under ERISA to question the prudence of a direction to purchase public traded securities at market price solely on the basis of publicly available information.") (emphasis added)). At the least, then, because Calderon alleges that ANTC was aware of late trading in Invesco funds, which she claims was concealed from the public, it is possible that she may have a viable claim against ANTC. Compl. ¶ 41; *id*. ¶ 40 (incorporating by reference the factual allegations concerning market timing and late trading contained in the consolidated amended complaint from the investor class action suit in the Invesco subtrack).

    C.    <u>Amvescap</u>

Amvescap is not a named fiduciary. It is also not, contrary to Calderon's assertion, the Plan Sponsor, a role that, in any event, would not have conferred *de facto* fiduciary status. *Strong* at 447. Calderon's *respondeat superior* theory is likewise insufficient to establish Amvescap as a *de facto* fiduciary, as a principal can be held liable for its agent's violation of ERISA only if the principal is an ERISA fiduciary to begin with. *Id*. at 447 n.15 (citing *Crowley v. Corning*, 234 F. Supp. 2d 222, 228 (W.D.N.Y. 2002)).

    D.    <u>ARI</u>

ARI is not a named fiduciary. It does provide record-keeping services for the Plan, but that is a ministerial function that does not give rise to *de facto* fiduciary status. *Id*. at 447-48.

E.     Invesco

Invesco is not a named fiduciary. It provided investment services to the mutual funds included within the Plan, but that is not a fiduciary function. *Id*. at 447. While it is true that if Invesco provided investment advice, "direct or indirect, with respect to any moneys or other property of such plan," ERISA § 3(21)(A), it would be considered a *de facto* fiduciary, Calderon has pled no facts from which to infer that it did indeed provide such advice. *Strong* at 447 & n.16.

Calderon further argues that the company nevertheless became a *de facto* fiduciary because: 1) it is a participating employer within the Plan; 2) it undertook numerous fiduciary reporting and informational duties under the Plan; and 3) it had and exercised the power to add and remove investment options from the Plan. Compl. ¶ 13. However, mere status as a participating employer does not make the employer an ERISA fiduciary, and nowhere do the Plan documents state that Invesco has authority to do anything on behalf of the Plan. *Herron v. Mayor and City Council of Annapolis, Md.*, 388 F.Supp.2d 565, 568 (D. Md. 2005) (in deciding a Fed.R.Civ.P. 12(b) motion to dismiss a court may "consider documents referred to in the complaint and relied upon by plaintiff in bringing the action"). Calderon again fails to make any factual allegations from which such authority can be inferred.

F.     Cunningham

Cunningham—the president of Invesco and member of its Board of Directors since May 2001, and CEO since January 2003—is not a named fiduciary. His positions of authority within Invesco do not render him a *de facto* fiduciary, *Strong* at 447, and neither does the fact that he signed SEC documents on behalf of company. *Id*. at 448 (quoting *In re Sprint Corp. ERISA Litig.*, 388 F. Supp. 2d 1207 (D. Kan. 2004)).

IV.     *Moench* Presumption

As for the merits of the prudence and loyalty claims against AVZ and ANTC, for the same reasons given by Judge Blake I will not grant the motion to dismiss based on Calderon's alleged failure to overcome the *Moench* presumption. *Id*. at 448-50.

Despite the informal nature of this letter, it should be flagged as an opinion. I ask that within thirty days from today the parties please submit orders reflecting the rulings made herein.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge