DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
www.debevoise.com

Maeve O'Connor
Partner
Tel 212 909 6315
Fax 212 521 7715
moconnor@debevoise.com

October 26, 2006

The Honorable J. Frederick Motz
United States District Judge
United States District Court
 District of Maryland
United States Courthouse Chambers 5A
101 West Lombard Street
Baltimore, Maryland 21201

*In re Mutual Funds Investment Litigation*, **MDL 1586**
*Lepera v. Invesco Funds Group, Inc., et al.*, **No. 04-cv-814; No. 04-md-15864**
*Karlin v. Amvescap PLC et al.*, **No. 04-cv-819; No. 04-md-15864**
*Hunt v. Invesco Funds Group., Inc. et al.*, **No. 04-cv-2555**

Dear Judge Motz:

On behalf of the Invesco Defendants,[1] we write in response to Your Honor's invitation at the October 11, 2006 status conference to express our views regarding the continued inclusion of Hunt v. Invesco Funds Group., Inc. et al., No. 04-CV-2555 in the Invesco track of the multidistrict litigation (the "MDL"). Hunt was conditionally transferred to this Court by the Judicial Panel on Multidistrict Litigation (the "JPML") in February of 2004. The Hunt plaintiffs moved to vacate the Conditional Transfer Order, and after thorough briefing, the JPML unanimously concluded that the case was properly transferred. See JPML Order of June 19, 2006.

It is the Invesco Defendants' position that the JPML properly transferred Hunt and that Hunt should remain in the MDL as part of the Invesco track. Hunt involves issues of fact common with those in the cases currently pending in the Invesco track as

---

[1]  The term "Invesco Defendants" includes A I M Advisors, Inc.; A I M Distributors, Inc.; AIM Investment Services, Inc.; AMVESCAP PLC; INVESCO Asset Management, Ltd.; INVESCO Distributors, Inc.; INVESCO Funds Group, Inc.; INVESCO Global Assets Management (N.A); INVESCO Institutional (N.A), Inc.; Raymond R. Cunningham; Thomas A. Kolbe; Michael D. Legoski; Timothy J. Miller; and Mark H. Williamson.

The Honorable J. Frederick Motz          2          October 26, 2006

issues of fact common with those in the cases currently pending in the Invesco track as well as a claim under Section 36(b) of the Investment Company Act, 15 U.S.C. § 80a-35(b), the very same statutory section that is at issue in both the Class Action and the Derivative Action brought against the Invesco Defendants. Hunt, like those cases, raises allegations of market timing; throughout the Second Amended Consolidated Complaint, the Hunt plaintiffs allege that the Invesco Defendants' entry into market timing agreements constitutes evidence that the Invesco Defendants breached their fiduciary duties with respect to the setting of fees.[2] See ¶ 85 of the Second Amended Consolidated Complaint (incorporating market timing allegations in ¶¶ 36-43). Indeed, the SEC Order settling the market timing allegations brought by the SEC against the Invesco Defendants is, literally, Exhibit 1 to the Second Amended Consolidated Complaint. While the plaintiffs in Hunt seek a return of fees on all assets in certain funds and Your Honor has ruled that the only damages available on the 36(b) claim in the Class and Derivative Actions are fees earned by the advisor on timers' assets, the latter is a subset of the former.

     The arguments raised by plaintiffs' counsel in Hunt in his August 8, 2006 letter are the very same arguments considered and rejected by the JPML. The JPML saw the opportunity for the types of efficiencies that are the objective of multidistrict litigation by transferring Hunt. See, e.g. 28 U.S.C. § 1407 (transfer is authorized when (1) the case involves one or more common questions of fact" with cases already transferred and (2) transfer would serve "the convenience of parties and witnesses and . . . promote the just and efficient conduct of such actions.") (emphasis added); In re Diet Drug (Prods.) Liab. Litig., 990 F. Supp. 834, 836 (J.P.M.L. 1998) (noting that all parties benefit from the economies of scale made possible by consolidated proceedings).

     The Hunt plaintiffs repeatedly assert that they are not making any claims that "arise out of" their market timing allegations. This is something of a red herring. What they do not and cannot assert is that they have no intention of seeking discovery or introducing evidence of market timing in order to prosecute their case. Absent such a stipulation, the potential efficiencies of maintaining Hunt within the MDL are, in the words of one court, "obvious." See In re Uranium Indus. Antitrust Litig., 458 F. Supp. 1223, 1230 (J.P.M.L. 1978) ("[P]laintiffs will have to depose many of the same

---

[2]    These market timing allegations were set forth for the first time in the Second Amended Consolidated Complaint filed on December 12, 2005. Promptly thereafter, on December 29, 2005, defendants sought to transfer Hunt to the MDL.

The Honorable J. Frederick Motz            3            October 26, 2006

witnesses, examine many of the same documents and make many similar pretrial motions in order to prove their . . . allegations. The benefit of having a single judge supervise this pretrial activity are obvious."). Counsel, without taking any time or making any effort to explore whether those efficiencies can be achieved, simply wants to drop out of the MDL.

      The Invesco Defendants submit that eliminating Hunt from the MDL now would be premature, for a number of reasons. As Mr. Schulman reported at the October 11, 2006 status conference, the Class and Derivative Plaintiffs and the Invesco Defendants have begun settlement negotiations. It is possible that the Hunt case could be included in such negotiations. Similarly, if the settlement negotiations break down and the parties enter into a discovery schedule, coordinating discovery among Hunt and the other Invesco track cases may prove to be an efficient way to proceed. We submit that Hunt should not be remanded before the parties have had an opportunity to explore these potential efficiencies. If it appears that the discovery sought in Hunt is substantively too different or that settlement discussions are overly complicated by the inclusion of Hunt, at that point, the case can be returned to the transferor court and nothing will have been lost.

      The judicial efficiency offered by multidistrict proceedings is important to any defendant but it is especially significant for the lead Invesco defendant, Invesco Funds Group, Inc. ("IFG"). IFG is a defunct entity that effectively ceased doing business by November 2003. It has no current operations and no employees. It continues to exist in large part simply to discharge any contingent liabilities it might have to former shareholders in the mutual funds it advised. Discovery is particularly burdensome for IFG, which lacks an institutional memory in light of the departures of all of its former employees.

The Honorable J. Frederick Motz      4      October 26, 2006

    The Invesco Defendants therefore respectfully request that the court defer any transfer of <u>Hunt</u> so that the parties can attempt to fulfill the JPML's mandate and explore whether including <u>Hunt</u> in settlement discussions or a discovery plan achieves the objectives of efficiency and the conservation of judicial and party resources. If the efficiencies that the JPML envisioned and the Invesco defendants seek to promote do not materialize, the court may remand <u>Hunt</u> at a later time.

                            Respectfully submitted,

                            /s/   Maeve O'Connor

                            Maura K. Monaghan
                            Maeve O'Connor
                            919 Third Avenue
                            New York, NY 10022
                            Tel.: (212) 909-6000
                            Fax: (212) 909-6836

*Counsel for AMVESCAP PLC, INVESCO Funds Group, Inc., INVESCO Institutional (N.A.), Inc., INVESCO Assets Management Limited, INVESCO Global Assets Management (N.A.), INVESCO Distributors, Inc., AIM Advisors, Inc., AIM Distributors, Inc.,*

cc: All counsel of Record (via ECF)