# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL 1586 |
| In re Aim, Artisan, Invesco, Strong, T. Rowe Price | 04-15864 |

**This document relates to the following actions in the Strong subtrack:**

*Lead Fund Derivative Action*

| | |
|---|---|
| Coleman v. Strong Financial Corporation | No. 04-523 |

*Additional Fund Derivative Actions*

| | |
|---|---|
| Mule v. Strong Capital Management, Inc. | No. 04-501 |
| LeFavour v. Strong Financial Corporation | No. 04-535 |
| McBride v. Strong Advisor Common Stock Fund | No. 04-851 |
| Marshall v. Richard Strong | No. 04-937 |
| Mintz v. Richard Strong | No. 04-939 |
| Blum v. Richard Strong | No. 04-940 |
| Tsetsekos v. Strong Financial Corporation | No. 04-942 |
| Patterson v. Strong Financial Corporation | No. 04-946 |
| Bader v. Strong Capital Management, Inc. | No. 04-1315 |
| Sarah Ross Trust v. Strong Financial Corporation | No. 04-1316 |
| Wilson v. Richard Strong | No. 04-1626 |
| Munroe v. Richard Strong | No. 04-1627 |

*Lead Fund Investor Class Action*

| | |
|---|---|
| Cohen v. Strong Advisor Common Stock Fund | No. 04-943 |

*Additional Fund Investor Class Actions*

| | |
|---|---|
| Blevins v. Strong Capital Management, Inc. | No. 04-532 |
| Jones v. Strong Financial Corporation | No. 04-533 |
| Painter v. Strong Capital Management, Inc. | No. 04-534 |
| Stone v. Strong Advisor Common Stock Fund | No. 04-536 |
| Reinhardt v. Strong Advisor Common Stock Fund | No. 04-613 |
| Kuperschmidt v. Strong Capital Management, Inc. | No. 04-614 |
| Torelli v. Strong Financial Corporation | No. 04-619 |
| Halvorson v. Strong Advisor Common Stock Fund | No. 04-621 |
| Congregation Ohel Torah v. Strong Capital Management, Inc. | No. 04-622 |
| Garfield v. Banc of America Capital Management, Inc. | No. 04-625 |
| DeSocio v. Strong Advisor Common Stock Fund | No. 04-827 |
| Levy v. Strong Advisor Common Stock Fund | No. 04-849 |
| Steinberg v. Strong Advisor Common Stock Fund | No. 04-852 |
| Mangialardi v. Strong Capital Management, Inc. | No. 04-865 |
| Lang v. Strong Advisor Common Stock Fund | No. 04-938 |
| Gottdiener v. Strong Advisor Common Stock Fund | No. 04-944 |
| Ryan v. Strong Capital Management, Inc. | No. 04-945 |

| | |
|---|---|
| Aradena v. Strong Advisor Common Stock Fund | No. 04-947 |
| Ashman v. Strong Advisor Common Stock Fund | No. 04-950 |
| Hossack v. Strong Advisor Common Stock Fund | No. 04-951 |
| Hutton v. Strong Capital Management, Inc. | No. 04-952 |
| Schneider v. Strong Financial Corporation | No. 04-954 |
| Clancy v. Strong Advisor Common Stock Fund | No. 04-1290 |
| Weinrib v. Strong Financial Corporation | No. 04-1291 |
| Kelly v. Strong Capital Management, Inc. | No. 04-1616 |

*ERISA Class Action:*

| | |
|---|---|
| Flynn v. Strong Capital Management, Inc. | No. 04-949 |

*State law actions:*

| | |
|---|---|
| Kugi v. Strong Capital Management, Inc. | No. 04-948 |
| Sayegh v. Janus Capital Corporation | No. 04-1171 |
| Ferris v. Gumm | No. 04-1625 |
| Klafter v. Strong Capital Management, Inc. | No. 04-1884 |
| Dapore v. Strong Financial Corporation | No. 04-1885 |

**JOINT MOTION FOR ORDER (I) STAYING LITIGATION AGAINST STRONG DEFENDANTS AND ENJOINING COMMENCEMENT OF PROCEEDINGS BY MEMBERS OF THE ALLEGED PLAINTIFF CLASS PENDING THE COURT'S CONSIDERATION OF A SETTLEMENT, (II) ESTABLISHING AND APPROVING A SETTLMENT ESCROW ACCOUNT AS A QUALIFIED SETTLEMENT FUND UNDER IRC § 468B, (III) AUTHORIZING THE FILING OF A SECOND CONSOLIDATED AMENDED INVESTOR CLASS COMPLAINT, AND (IV) DISMISSING CERTAIN CLAIMS**

The undersigned counsel for the Investor Class Plaintiffs, the Fund Derivative Plaintiffs,[1] the ERISA Class Plaintiffs, and defendants Strong Financial Corporation, Strong Capital Management, Inc., Strong Investments, Inc., Strong Investment Services, Inc., and Richard S. Strong (collectively, the "Strong Defendants") respectfully move for an order (i) staying the litigation against the Strong Defendants and enjoining members of the alleged plaintiff class from commencing litigation against the Strong Defendants; their former officers, directors, or employees; or the Strong mutual fund companies or their former directors, pending the Court's consideration of a settlement, (ii) establishing and approving the settlement fund under the proposed settlement as a Qualified Settlement Fund under the Internal Revenue Code, (iii) authorizing the filing of a Second Amended Class Action Complaint, and (iv) dismissing certain claims under the Investment Company Act. A proposed order is submitted herewith. In support of their motion, movants state:

1. The movants signed a settlement term sheet in September 2008 and expect to seek Court approval of the settlement. Similar to provisions that have been entered in other subtracks based on the parties' agreement to settlement terms, and in accordance with the term sheet, Paragraphs 1–3 of the proposed order (a) stay litigation in this Court against the settling defendants, (b) enjoin commencement of new litigation by class members concerning the subject matter of the settlement, and (c) establish and approve

---

[1] The Fund Derivative Plaintiffs are Jeffrey W. and Lauri C. Bader, Heather Blum, Gregory D. Coleman, Francis X. Collannino, Simon J. Denenberg as trustee for the Sarah Ross Trust, Rachel M. Foley, Ryan Marshall, Terry Mintz, Andrew D. Mulè, Brian Munroe, Carol Patterson, Niki Tsetsekos as custodian for Panayiotis "Peter" Tsetsekos, George Tsetsekos as custodian for Yanni Tsetsekos, and Sean Wilson.

the settlement fund under the term sheet as a Qualified Settlement Fund under § 468B of the Internal Revenue Code.

2. The term sheet and the proposed order also reflect developments that are unique to the Strong Subtrack. In 2004, after reaching settlements with federal and state regulators of charges relating to market timing, Strong Financial Corporation agreed to sell most of its operating assets to Wells Fargo & Company ("Wells Fargo"). Under that agreement, among other things, (a) effective December 31, 2004, Strong Capital Management, Inc. ceased to serve as financial advisor to the Strong mutual funds, and (b) effective April 8, 2005, substantially all assets of the Strong mutual funds were transferred to Wells Fargo funds, Strong mutual fund shares were cancelled, and Wells Fargo fund shares were issued to holders of the cancelled Strong mutual fund shares. Claims and liabilities relating to market timing were excluded from the fund assets transferred to Wells Fargo, however; those claims and liabilities were instead placed in successor trusts for the benefit of former Strong mutual fund shareholders. After the transfer of their other assets to the Wells Fargo fund companies, the Strong mutual fund companies were dissolved.

3. In light of these developments, the term sheet provides that (a) the complaint in the investor class action will be amended (i) to add the Fund Derivative Plaintiffs, in their individual capacities, as plaintiffs in the class action, and (ii) to extend the class period through December 31, 2004 (when Strong Capital Management, Inc. ceased to serve as investment advisor to the Strong mutual fund companies); and (b) claims under the Investment Companies Act in both the fund derivative action and the

investor class action will be dismissed.[2] The term sheet further provides that class members who continued to hold shares of Strong mutual fund companies on December 31, 2004 will be included in the settlement allocation matrix based on that fact.

4. Paragraphs 4–7 of the proposed order provide for amendment of the class action complaint and dismissal of claims under the Investment Company Act, as discussed above.

5. In addition to the claims against the Strong Defendants, the proposed second amended class action complaint asserts claims against the Canary Defendants (Edward J. Stern, Canary Capital Partners, LLC, Canary Capital Partners, Ltd. and Canary Investment Management, LLC) and Clearing Defendants Banc of America Securities LLC, Bear Stearns Securities Corporation, Bear Stearns & Co. Inc., and Grant D. Seeger. (Claims against other defendants in the first amended class action complaint have been dismissed on motion or by stipulation.) The Canary Defendants and the Clearing Defendants have entered separately into cross-track settlements that will not be affected by the filing of the proposed second amended class action complaint.

6. Because all remaining defendants in the Strong subtrack are parties to settlements, the proposed order provides that no defendant need respond to the second amended class action complaint until further order of the Court.

---

[2] Fund Derivative Counsel have been unable, despite repeated efforts over the past several years, to communicate with the plaintiffs in two of the constituent fund derivative actions, Lori McBride and Steve LeFavour. Accordingly, those individuals will not be added as plaintiffs in the class action, but the claims asserted against the Strong Defendants in their constituent actions are being dismissed under the proposed order.

WHEREFORE, the undersigned counsel respectfully request entry of the accompanying proposed order in furtherance of a settlement of litigation in the Strong Subtrack.

Dated: March 16, 2009

/s/ Clifford S. Goodstein
Clifford S. Goodstein
MILBERG LLP
One Pennsylvania Plaza
New York, NY 10019
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Attorneys for Investor Class Action Plaintiffs*

/s/ Nicholas E. Chimicles
Nicholas E. Chimicles
Denise Schwartzman
Timothy N. Mathews
CHIMICLES & TIKELLIS LLP
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633

*Attorneys for Fund Derivative Action Plaintiffs*

/s/ Samuel K. Rosen
Samuel K. Rosen
HARWOOD FEFFER LLP
488 Madison Avenue
New York, NY 10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630

*Attorneys for ERISA Class Action Plaintiffs*

/s/ Bruce E. Clark
Bruce E. Clark
William L. Farris
Aisling O'Shea
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Attorneys for Defendants Strong Financial Corporation, Strong Capital Management, Inc., Strong Investments, Inc., and Strong Investor Services, Inc. in Investor Class Action and Fund Derivative Action*


/s/ Stephen L. Knowles
Stephen L. Knowles
GONZALEZ SAGGIO & HARLAN LLP
225 East Michigan, 4th Floor
Milwaukee, WI 53202
Telephone: (414) 277-8500
Facsimile: (414) 277-8521

*Attorneys for Defendants Strong Capital Management, Inc. and Strong Financial Corporation in ERISA Class Action*


/s/ Howard J. Kaplan
Stanley S. Arkin
Howard J. Kaplan
ARKIN KAPLAN RICE LLP
590 Madison Avenue, 35th Floor
New York, NY 10022
Telephone: (212) 333-0200
Facsimile: (212) 333-2350

*Attorneys for Defendant Richard S. Strong*