# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
FILED _____ ENTERED
_____ LODGED _____ RECEIVED

2010 MAY 19  P 4: 09   MAY 1 4 2010

CLERK'S OFFICE
AT BALTIMORE

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DROP BOX

BY_____ _____ DEPUTY

IN RE MUTUAL FUNDS INVESTMENT
LITIGATION

MDL 1586

In re Aim, Artisan, Invesco, Strong,
T. Rowe Price

04-15864

**This document relates to the following
actions in the Strong subtrack:**

*Lead Fund Investor Class Action*

Cohen v. Strong Advisor Common Stock Fund     No. 04-943

*ERISA Class Action:*

Flynn v. Strong Capital Management, Inc.     No. 04-949

*Lead Fund Derivative Action*

Coleman v. Strong Financial Corporation     No. 04-523

Each Strong Subtrack Constituent Action
Listed on Appendix C

---

**[PROPOSED] ORDER (I) PRELIMINARILY CERTIFYING FOR SETTLEMENT
PURPOSES ONLY THE FUND INVESTOR AND ERISA CLASS ACTIONS AS CLASS
ACTIONS, (II) APPROVING NOTICE OF PENDENCY OF CLASS ACTIONS AND OF
PROPOSED SETTLEMENTS TO MEMBERS OF THE CLASS, (III) GRANTING
PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENTS,
(IV) SCHEDULING A FINAL HEARING ON THE SETTLEMENTS AND
ESTABLISHING PROCEDURES FOR SUBMITTING CLAIMS, REQUESTING
EXCLUSION FROM THE CLASS AND OBJECTION TO THE SETTLEMENTS, AND
(V) GRANTING RELATED RELIEF**

**(THE "PRELIMINARY APPROVAL ORDER")**

CATHERINE C. BLAKE, District Judge

On this ____ day of May, 2010, a hearing having been held before this Court on plaintiffs' motion for an order (a) preliminarily certifying, for settlement purposes only, the Fund Investor Class Action and the ERISA Class Action as class actions under Rule 23 of the Federal Rules of Civil Procedure, (b) approving notice of pendency of class action and of proposed settlements to members of the class, (c) granting preliminary approval of the settlements, (d) scheduling a final hearing on the settlements and establishing procedures for submitting claims, requesting exclusion from the class, and objecting to the settlements, and (e) granting related relief;

And the Court, having considered all matters submitted to it at the hearing;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**DEFINITIONS**

1.      In this Preliminary Approval Order:

A.      "Bank of America Parties" means Banc of America Securities LLC, Bank of America Corporation, and Bank of America, N.A.;

B.      "Bank of America Released Parties" means the Bank of America Parties and their respective Related Persons (in their capacities as such);

C.      "Bear Stearns Parties" means Bear, Stearns & Co. Inc., Bear Stearns Securities Corp., and The Bear Stearns Companies Inc. (currently known as J.P. Morgan Securities Inc., J.P. Morgan Clearing Corp., and The Bear Stearns Companies LLC, respectively);

D.      "Bear Stearns Released Parties" means the Bear Stearns Parties and their respective Related Persons (in their capacities as such);

- 2 -

E.      "Canary Parties" means Canary Capital Partners, LLC, Canary Capital Partners, Ltd., Canary Investment Management, LLC, and Edward Stern;

F.      "Canary Released Parties" means the Canary Parties and their respective Related Persons (in their capacities as such);

G.      "Claim" or "Claims" means any and all claims, rights, demands, charges, complaints, actions, suits, liabilities, and causes of action, whether direct, derivative, or brought in any other capacity, under federal, state, local, statutory, or common law, foreign law, or any other law, rule, or regulation, accrued or unaccrued, including known claims and Unknown Claims, (i) that were or could have been asserted in any of the Strong Subtrack Constituent Actions, or (ii) that otherwise concern, relate to, or arise out of in any respect, whether directly or indirectly, market timing, late trading, or short-term or excessive trading of shares of any of the Strong Funds, or the aftermath of any of those activities or their disclosure;

H.      "Class" means a class, certified for settlement purposes only, comprising (a) all Strong Fund shareholders at any time from January 1, 1999, through December 31, 2004, including, without limitation, investors in Strong Funds through nominee or omnibus accounts, excluding (i) persons and entities named as defendants in the Strong Subtrack consolidated second amended class action complaint, individual lawyers who have appeared as attorneys for any such defendant in any of the Strong Subtrack Constituent Actions and the law firms with which such lawyers are affiliated, and each of those defendants' parents, subsidiaries, affiliates, immediate family members, heirs, successors, and assigns, (ii) each officer, director, or trustee of any of such entities during the class period, (iii) any entities controlled by any person or entity described in subsection (i) or (ii) of this sentence, and (iv) directors and portfolio managers of the Strong Funds during the class period; and (b) all participants in or beneficiaries of the Strong

Financial Corporation Profit Sharing and 401(k) Plan at any time from October 30, 1998 through December 31, 2004;

I.      "Class Members" means all members of the Class who do not make timely requests for exclusion from the Class;

J.      "ERISA Class Action" means *Flynn v. Strong Capital Management, Inc.*, No. 04-949 (D. Md.);

K.      "ERISA Class Plaintiffs" means Brian Flynn and Robert Hamilton;

L.      "Fund Derivative Action" means *Coleman v. Strong Financial Corporation,* No. 04-523 (D. Md.);

M.      "Fund Derivative Counsel" means the law firm of Chimicles & Tikellis LLP;

N.      "Fund Investor Class Action" means *Cohen v. Strong Advisor Common Stock Fund*, No. 04-943 (D. Md.);

O.      "Lead Class Counsel" means Lead Investor Class Counsel and Lead ERISA Class Counsel;

P.      "Lead ERISA Class Counsel" means the law firm of Harwood Feffer LLP;

Q.      "Lead Investor Class Counsel" means the law firm of Milberg LLP;

R.      "Lead Investor Class Plaintiff" means Stephen J. Friedman, M.D., who was appointed by the Court by order dated May 28, 2004;

S.      "Notice" means notice of pendency of the Fund Investor Class Action and the ERISA Class Action, of the proposed Settlements, of the final hearing on the Settlements, and procedures for submitting claims, requesting exclusion from the Class, and objecting to the Settlements, comprising (i) the Mail Notice (to be mailed to all members of the Class who can be identified through reasonable efforts), (ii) the Long-Form Notice (to be made available through a

- 4 -

website and mailed to persons who request it), and (iii) the Publication Notice (to be published as directed in this Order), each in the form annexed to the Preliminary Approval Motion;

T.      "Plaintiffs" means the Lead Investor Class Plaintiff, the ERISA Class Plaintiffs, and Jeffrey W. and Lauri C. Bader, Heather Blum, Gregory D. Coleman, Francis X. Collannino, as Custodian for Rachel M. Collannino, Simon J. Denenberg, as Trustee for the Sarah Ross Trust, Rachel M. Foley, Ryan Marshall, Terry Mintz, Andrew D. Mulè, Brian Munroe, Niki Tsetsekos, as Custodian for Panayiotis "Peter" Tsetsekos, George Tsetsekos, as custodian for Yanni Tsetsekos, and Sean Wilson;

U.      "Preliminary Approval Motion" means the motion filed by Plaintiffs on April 21, 2010 for entry of a preliminary approval order;

V.      "Related Persons" means (a) with respect to natural persons, their past and present agents, servants, attorneys, accountants, insurers, co-insurers and re-insurers, executors, and administrators; (b) with respect to legal entities other than natural persons, their past and present parents, subsidiaries, affiliates, general partners, limited partners, officers, directors, trustees, members, employees, agents, servants, attorneys, accountants, insurers, co-insurers, and re-insurers; and (c) the predecessors, successors, heirs, and assigns of each of the foregoing;

W.      "Settlements" means the settlements contemplated under the Strong Stipulation of Settlement, the Strong/BAS Severed Agreement and Stipulation of Settlement, the Strong/Bear Stearns Severed Agreement and Stipulation of Settlement, and the Strong/Canary Severed Agreement and Stipulation of Settlement;

X.      "Settling Defendants" means the Strong Management Parties, the Strong Registrant Parties, the Bank of America Parties, the Bear Stearns Parties, and the Canary Parties;

Y.      "Settling Parties" means the Plaintiffs and the Settling Defendants;

Z.     "Strong Defendants" means Strong Financial Corporation, Strong Capital Management, Inc., Strong Investor Services, Inc., and Strong Investments, Inc.; each of their present or former officers or employees who are defendants in any of the Strong Subtrack Constituent Actions, including without limitation Richard S. Strong, David Braaten, Anthony J. D'Amato, William A. Ferer, Jahn Hanshaft, Thomas A. Hooker, Jr., Brandon M. Nelson, Ronald C. Ognar, Thomas C. Ognar, Ane K. Ohm, Bruce C. Olson, Christopher O. Petersen, William H. Reaves, Thomas H. Ripley, Dana Russart, Richard W. Smirl, Gilbert L. Southwell, III, John W. Widmer, and Thomas M. Zoeller; the Strong Funds; the Strong Registrants; and the Strong Registrant Independent Directors;

AA.     "Strong Funds" means all mutual funds and mutual fund series issued by the Strong Registrants or that were otherwise part of the Strong family of mutual funds, and includes, without limitation, the funds listed on Appendix A to this Preliminary Approval Order;

BB.     "Strong Management Parties" means Strong Financial Corporation, Strong Capital Management, Inc., Strong Investor Services, Inc., Strong Investments, Inc., and Richard S. Strong;

CC.     "Strong Management Released Parties" means the Strong Management Parties and their respective Related Persons (in their capacities as such); all other entities that provided advisory (including sub-advisory), distribution, management, administration or other services to the Strong Funds (in their capacities as such); and the Strong Financial Corporation Profit Sharing and 401(k) Plan;

DD.     "Strong Registrant Independent Directors" means Willie D. Davis, Stanley Kritzik, William F. Vogt, Neal Malicky, and Gordon B. Greer, each of whom was formerly an independent director of the Strong Registrants;

- 6 -

EE.     "Strong Registrant Parties" means the Strong Funds, the Strong Registrants, the Strong Registrant Independent Directors, the Strong Successor Trusts, and the trustees of the Strong Successor Trusts;

FF.     "Strong Registrant Released Parties" means the Strong Registrant Parties and their respective Related Persons (in their capacities as such);

GG.     "Strong Registrants" means all investment companies and trusts formerly part of the Strong mutual fund family and includes, without limitation, the investment companies and trusts listed on Appendix B to this Preliminary Approval Order;

HH.     "Strong Stipulation of Settlement" means the stipulation of settlement (as amended) entered into by Plaintiffs with the Strong Management Parties and the Strong Registrant Parties;

II.     "Strong Subtrack Constituent Actions" means the Fund Investor Class Action, the ERISA Class Action, the Fund Derivative Action, each action listed on Appendix C to this Preliminary Approval Order, and any other MDL 1586 constituent actions in which claims are asserted (i) against any of the Strong Defendants, or (ii) based on market timing, late trading, or short-term or excessive trading of shares of any of the Strong Funds or the aftermath of any of those activities or their disclosure;

JJ.     "Strong Subtrack Settlement Payment" means the aggregate settlement payments made under the Settlements; and

KK.     "Strong Successor Trusts" means the trusts established in connection with the dissolution of the Strong Registrants.

## JURISDICTION

2.      The Court has jurisdiction over (a) the subject matter of the Fund Investor Class Action, the ERISA Class Action, the Fund Derivative Action, and each of the remaining Strong Subtrack Constituent Actions, and (b) all parties to each of those actions and all members of the Class.

## NO DETERMINATION OF LIABILITY

3.      Neither this Order nor any aspect of the Settlements is a determination, admission, or concession of liability or culpability of any person in any respect.

## PRELIMINARY CLASS CERTIFICATION

4.      The Court finds preliminarily and for settlement purposes only that (a) the Class satisfies the numerosity requirement of Rule 23(a)(1) of the Federal Rules of Civil Procedure; (b) the claims asserted in the Fund Investor Class Action and the ERISA Class Action on behalf of the Class present common issues of fact and law sufficient to satisfy Rule 23(a)(2); (c) the claims of the Lead Investor Class Plaintiff and the ERISA Class Plaintiffs are typical of the claims of absent Class Members, satisfying Rule 23(a)(3); (d) the Lead Investor Class Plaintiff and the ERISA Class Plaintiffs are adequate representatives of the Class, satisfying Rule 23(a)(4); (e) common issues predominate over individual issues in the Fund Investor Class Action and the ERISA Class Action, satisfying Rule 23(b)(3)(i); (f) class action treatment is a superior method of proceeding in the Fund Investor Class Action and the ERISA Class Action, satisfying Rule 23(b)(3)(ii); and, therefore, (g) all prerequisites to maintenance of the Fund Investor Class Action and the ERISA Class Action as class actions under the Federal Rules of Civil Procedure have been satisfied.

5.      Based on the foregoing preliminary findings, the Court preliminarily certifies, for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure (a) the Fund Investor Class Action and the ERISA Class Action as class actions on behalf of the Class, and (b) the Lead Investor Class Plaintiff and the ERISA Class Plaintiffs as Class Representatives.

6.      Lead Investor Class Counsel and Lead ERISA Class Counsel are authorized to act on behalf of Class Members in respect of all matters required by, or reasonably necessary to consummate, the Settlements.

**PRELIMINARY APPROVAL OF SETTLEMENTS AND PLAN OF ALLOCATION**

7.      The Court preliminarily approves the Settlements and the proposed Plan of Allocation described in the Long-Form Notice.  Final approval of the Settlements is subject to a final hearing conducted after notice to the Class and an opportunity for Class Members to object to the Settlements.

**APPROVAL OF FORM AND MANNER OF DISTRIBUTING NOTICE**

8.      The Court hereby authorizes Lead Investor Class Counsel and Lead ERISA Class Counsel to retain The Garden City Group, Inc. as the Settlement Administrator in connection with the Settlements to supervise and administer the notice and claims procedures.

9.      The Settlement Administrator shall make reasonable efforts to identify all members of the Class, including beneficial owners whose shares in the Strong Funds are held by banks, brokerage firms, or other nominees.  Strong Financial Corporation shall provide, at its expense, reasonably available information concerning names and last known addresses of members of the Class (including nominee and omnibus accounts, but not including the persons

and entities who invested in Strong Funds through those accounts, whose names and addresses are not available to Strong Financial Corporation) to the Settlement Administrator.

10.     Strong Financial Corporation shall provide to Lead Investor Class Counsel, Lead ERISA Class Counsel, Fund Derivative Counsel, and the Settlement Administrator customer account information for the Strong Funds as and to the extent reasonably necessary for the Settlement Administrator to determine the allocation of the Strong Subtrack Settlement Payment among Class Members.   Lead Investor Class Counsel, Lead ERISA Class Counsel, Fund Derivative Counsel, and the Settlement Administrator shall take all reasonable measures to safeguard the confidentiality of any customer account information they obtain from Strong Financial Corporation or from Class Members and shall not use or disclose any such customer account information for any purpose other than distribution of the Strong Subtrack Settlement Payment and administration of the Settlements.

11.     Lead Fund Investor Class Counsel and Lead ERISA Class Counsel have submitted for this Court's approval the Mail Notice, the Long-Form Notice and the Publication Notice (collectively, the "Settlement Notices") and a Proof of Claim and Release (the "Proof of Claim"), each of which the Court has reviewed.  The Court finds and concludes as follows:

(a)     The form and content of the Settlement Notices and the Proof of Claim, and the procedures set forth in this Order for notifying the Class of the Settlements and their terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78u-4(a)(7), including by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to notice;

(b)     On or before **June 30, 2010**, the Settlement Administrator shall cause a copy of the Mail Notice, substantially in the form annexed hereto as Exhibit 1, to be mailed by first class mail, postage pre-paid, to all identifiable members of the Class, at their last known address appearing in the transfer agent records maintained by or on behalf of Strong Financial Corporation, as updated through the National Change of Address Database;

(c)     Pursuant to the Mail Notice, each nominee who receives the Mail Notice shall either: (i) send the Mail Notice to members of the Class for whom they act as nominee by first class mail within ten (10) days after the nominee receives the Mail Notice; or (ii) send a list of the names and addresses of such beneficial owners to the Settlement Administrator within ten (10) days after the nominee receives the Mail Notice and, in the event of the latter, the Settlement Administrator shall send by first class mail the Mail Notice to all members of the Class who are on the list received from the nominee.   The Settlement Administrator shall, if requested, reimburse banks, brokerage houses, or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are members of the Class, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation;

(d)     On or before **June 30, 2010**, the Settlement Administrator shall cause a copy of the Long-Form Notice and Proof of Claim, substantially in the forms annexed hereto as Exhibits 2 and 3, respectively, to be posted on a settlement website established for the Strong Subtrack, and shall make these documents available to members of the Class upon request; and

(e)     On or before **July 14, 2010**, Lead Investor Class Counsel shall cause the Settlement Administrator, or other agent, to undertake a publication program, whereby (i) the Publication Notice, substantially in the form annexed hereto as Exhibit 4, shall be published once

- 11 -

in the nationally circulated *People* Magazine, once in *The Wall Street Journal*, once in *The New York Times*, and over the PR Newswire; and (ii) notice of the Settlements shall be posted on various web-based media outlets, including, but not limited to, CNN.com, AOL.com, Hotmail.com, Facebook.com, Yahoo.com, The Wall Street Journal online, and through RSS Feed.

12.    The Settlement Notices fairly, plainly, accurately, and reasonably inform members of the Class of: (1) appropriate information about the nature of the Fund Investor Class Action and the ERISA Class Action, the Class, the identity of Plaintiffs' Counsel, and the essential terms of the Settlements, including the Plan of Allocation; (2) appropriate information about the applications of Plaintiffs' Counsel for attorneys' fees and litigation expenses that will be paid from the amounts paid by or on behalf of defendants under the Settlements; (3) appropriate information about how to participate in the Settlements; (4) appropriate information about this Court's procedures for final approval of the Settlements, and about the right that Class Members have to appear through counsel if they desire; (5) appropriate information about how to object to the Settlements or to request exclusion from the Class; and (6) appropriate instructions about how to obtain additional information regarding the Settlements.

13.    The Court hereby finds that the proposed plan for notice of the Settlements will provide the best notice practicable to members of the Class, satisfies the notice requirements of Rule 23, and satisfies all other legal and due process requirements.

14.    The Court also hereby finds that the proposed plan of notice provides reasonable and adequate notice of the voluntary dismissal of the Fund Derivative Actions, ordered by the Court on March 23, 2009, based upon the parties' agreement to include shareholders who held

Strong Funds on December 31, 2004 in the Plan of Allocation, and satisfies the notice requirements of Rule 23.1(c), and satisfies all other legal and due process requirements.

15.     Accordingly, the Court hereby ORDERS as follows:

(a)     The forms of the Mail Notice, Long-Form Notice, and Publication Notice are APPROVED.

(b)     The manner of distributing the Settlement Notices is APPROVED.

(c)     Promptly following the entry of this Order, the Settlement Administrator shall prepare final versions of the Mail Notice, Long-Form Notice, and Publication Notice, incorporating the relevant dates and deadlines set forth in this Order.

(d)     The Settlement Administrator shall provide counsel for the Settling Parties with a list of those shareholders entitled to receive notice pursuant to this Order who have not been located and the Settlement Administrator may engage third party vendors in order to locate those shareholders.   The Settlement Administrator shall maintain a log of its activities undertaken in its efforts to locate such shareholders.

(e)     The Settlement Administrator shall take all other actions in furtherance of the Plan of Allocation as specified in the Settlements and the Long-Form Notice.

16.     To further effectuate the provision of notice, the Settlement Administrator shall establish a toll-free telephone number, publish the number in the Settlement Notices, and provide staff to respond to questions concerning the Settlements.   The Settlement Administrator shall lease and maintain a post office box of adequate size for the receipt of requests for exclusion from the Class, designated in the Mail Notice and Long-Form Notice as the address to which such requests are to be directed.   The Settlement Administrator shall be responsible for the receipt of all responses to the Settlement Notices and, until further order of the Court, shall

preserve all entries of appearance, requests for exclusion, and all other written communications concerning the Settlement Notices.

17.     No later than **September 21, 2010**, Lead Class Counsel shall file with the Court and serve upon counsel for the Settling Defendants an affidavit or declaration of the person or persons under whose general direction the mailing of the Mail Notice to members of the Class, the posting of the Long-Form Notice and the Proof of Claim to the settlement website, the mailing of the Long-Form Notice and the Proof of Claim to persons who have requested them, and the publication of the Publication Notice shall have been made, showing that such mailing, posting and publication have been made in accordance with this Order.

18.     **Deadline for Submitting Motion Seeking Final Approval.**  Plaintiffs shall submit their papers in support of final approval of the Settlements and the Plan of Allocation no later than **September 14, 2010**.

19.     **Deadline for Petition for Attorneys' Fees.**  Plaintiffs' Counsel shall file with this Court their application for an award of attorneys' fees and litigation expenses no later than **September 14, 2010**.

20.     **Deadline for Replying to Objections.**  Plaintiffs' Counsel may file with this Court papers replying to objections to final approval of the Settlements and the Plan of Allocation or to their application for an award of attorneys' fees and litigation expenses on or before **October 6, 2010**.

**PROCEDURES FOR FINAL APPROVAL OF SETTLEMENTS**

21.     The Court hereby schedules a hearing (the "Settlement Hearing") to be held before this Court on **October 21-22, 2010**, at **10:00 a.m.**, at the United States District Court for

- 14 -

the District of Maryland, Baltimore Division, 101 W. Lombard Street, Baltimore Maryland 21201, for the following purposes:

    a.    to determine whether the Settlements should be approved by the Court as fair, reasonable and adequate;

    b.    to determine whether the Plan of Allocation for the proceeds of the Settlements should be approved by the Court as fair and reasonable;

    c.    to determine whether the Class should be finally certified for settlement purposes;

    d.    to determine whether judgment should be entered dismissing with prejudice all claims against the Settling Defendants in the Strong Subtrack Constituent Actions and releasing and extinguishing all Claims of Class Members against the Settling Defendants and their respective Related Persons;

    e.    to consider Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses; and

    f.    to rule on such other matters as the Court may deem appropriate.

22.    The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof, including the consideration of the application for attorneys' fees and reimbursement of litigation expenses, without further notice of any kind to members of the Class other than by an announcement of the adjournment at the scheduled time of the Settlement Hearing or at the scheduled time of any adjournment of the Settlement Hearing.

23.    The Court reserves the right to approve the Settlements, with such modifications to which the respective parties to the Settlements consent, at or after the Settlement Hearing, without further notice to Class Members.

24.     None of the Settling Defendants shall have any responsibility whatsoever for the Plan of Allocation nor for any application for attorneys' fees and expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlements.

25.     **Right to Object to the Settlements**.  Any Class Member who wishes to object to the Settlements, the Plan of Allocation, and/or the application for attorneys' fees and reimbursement of litigation expenses must, no later than **September 21, 2010** (the "Objection Deadline"), file with the Court and serve on counsel listed below a written statement of objections.  Any objection must identify the objecting person's holdings of shares of Strong Funds during the period 1999 through 2004 and any documents or testimony the objecting person intends to offer into evidence at the settlement hearing.  Written objections shall be filed with the Clerk of the United States District Court for the District of Maryland, Baltimore Division, 101 W. Lombard Street, Baltimore, Maryland 21201, and served, so as to be actually received before the Objection Deadline, upon:

*Lead Investor Class Counsel:*
Clifford S. Goodstein
MILBERG LLP
One Pennsylvania Plaza
New York, NY  10119-0165

Lead Investor Class Counsel shall promptly forward any objections that they receive to Fund Derivative Counsel, ERISA Lead Counsel and to Counsel for each of the following Defendants: Strong Management Parties, BAS, the Bear Stearns Defendants, and the Canary Defendants.

26.     Any Class Member who timely serves and files a written statement of objections may, but is not required to, appear at the Settlement Hearing, in person or through an attorney, at the Class Member's expense, and present evidence or argument that may be proper or relevant in

support of the objection. Objections raised at the Settlement Hearing will be limited to those previously submitted in writing. Class Members who do not serve and file written objections as provided above shall be deemed to have waived, and shall be forever foreclosed from making, any objection to the fairness, adequacy, or reasonableness of the proposed Settlements, the final order and judgment to be entered approving the Settlements, the Order to be entered approving the Plan of Allocation or the applications of Plaintiffs' Counsel for awards of attorneys' fees and expenses.

27. **Right to Request Exclusion from the Settlements:** Any member of the Class may, upon request, be excluded from the Class. All members of the Class who do not timely and properly request exclusion as provided in this Preliminary Approval Order shall be bound by all determinations and judgments in the Strong Subtrack Constituent Actions, whether favorable or unfavorable. Any request for exclusion must be in the form of a written, signed statement (the "Request for Exclusion") mailed by first class mail postmarked to the Settlement Administrator at the address designated in the Long Notice such that it is received no later than **September 21, 2010** (the "Exclusion Deadline"). Such Request for Exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class for Strong Market Timing Class Action Litigation, and must be signed by such person. Such persons requesting exclusion are also directed to identify the person's holdings of shares in the Strong Funds during the Class Period, including the numbers of shares held in each of the Strong Funds at the beginning of the Class Period, the end of the Class Period, and at the end of each calendar quarter during the Class Period, or, if applicable, identify the person as a former participant in or beneficiary of the Strong Financial Corporation Profit Sharing and 401(k) Plan. If such person requesting exclusion represents to the Settlement

- 17 -

Administrator (subject to verification) that this information is not available, such person requesting exclusion may provide the number of shares that the person held in the Strong Funds at the end of each year ended 1998-2004. The Request for Exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. All persons who timely request exclusion as provided in this paragraph shall be identified in the final order and judgment as excluded from the Class, shall not share in the distribution of settlement funds or otherwise participate in the Settlements, and shall not be bound by the Settlements or by the final order and judgment. Rights of Settling Defendants under their respective agreements with Plaintiffs to terminate their respective Settlements based on exclusions from the Class (the "Supplemental Agreements") are preserved.

28.     The Settlement Administrator shall provide to all counsel, consistent with the terms of the Supplemental Agreements, and file with the Court all Requests for Exclusions that are received.

29.     **Participation in the Settlements and Submission of Proofs of Claim.**  Class Members who invested in Strong Funds through retail accounts with Strong Investor Services, Inc., or though the Strong Financial Corporation Profit Sharing and 401(k) Plan, are not required to file a proof of claim.

30.     Class Members who invested in Strong Funds through brokers or other intermediaries (including through Strong Investments Inc., the brokerage firm affiliated with Strong Financial Corporation), must take the following actions and shall be subject to the following conditions in order to receive a distribution from the Strong Subtrack Settlement Payment:

(a)    A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit 4, must be submitted to the Settlement Administrator, to the address indicated in the Mail Notice and Long-Form Notice, postmarked no later than **December 8, 2010**.  Such deadline may be further extended by Court Order.  Each Proof of Claim shall be deemed to have been submitted when mailed (if properly addressed and mailed by first-class or overnight U.S. mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Strong Subtrack Settlement Payment.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Mail Notice and Long-Form Notice.

(b)    Each Proof of Claim must satisfy the following requirements:  (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker or intermediary confirmation slips, broker or intermediary account statements, an authorized statement from the broker or intermediary containing the transactional information found in a broker or intermediary confirmation slip, or such other documentation as is deemed adequate by Lead Class Counsel and Lead Fund Derivative Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of the executing person's current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of

- 19 -

the Settlements) release all Claims against the Settling Defendants and their respective Related Persons.

31.     Under Lead Class Counsel's supervision, and subject to the jurisdiction of the Court, the Settlement Administrator shall administer the process of receiving, reviewing, and approving or denying Proofs of Claim and claims based on the data received from Strong Financial Corporation for Class Members who invested in Strong Funds through retail accounts with Strong Investor Services, Inc., or though the Strong Financial Corporation Profit Sharing and 401(k) Plan.  The administration of the proposed Settlements and the determination of all disputed questions of law and fact with respect to the validity of any Proof of Claim or right of any person or entity to participate in the distribution of any of the Strong Subtrack Settlement Payment shall be subject to review and approval by this Court.

32.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an "Authorized Claimant," the following conditions shall apply:

(a)     Each Class Member whose Strong Funds shares were NOT held through retail accounts with Strong Investor Services, Inc. or through the Strong Financial Corporation Profit Sharing and 401(k) Plan, must submit a Proof of Claim, supported by such documents as are designated therein, including proof of the transactions or balances, as the case may be, claimed and the losses incurred thereon, or such other documents or proof as the Settlement Administrator, in its discretion, may deem acceptable;

(b)     All Proofs of Claim must be submitted by the date set forth above, unless such period is extended by Order of the Court.  Class Members who fail to submit a Proof of Claim by such date shall be forever barred from receiving any payment from the Strong Subtrack Settlement Payment (unless, by Order of the Court, late-filed Proofs of Claim are accepted), but

shall in all other respects be bound by all of the terms of the Stipulations, the Settlements, the Judgments to be entered in the Strong Subtrack Constituent Actions, and the releases provided for therein, and shall be barred from asserting any Claim against any of the Settling Defendants or their Related Persons;

(c)     Each timely filed Proof of Claim shall be submitted to and reviewed by the Settlement Administrator, under the supervision of Lead Class Counsel;

(d)     The Settlement Administrator shall determine in accordance with the Stipulations and the approved Plan of Allocation the extent, if any, to which each timely filed Proof of Claim shall be allowed, subject to review by the Court pursuant to subparagraph (f) below;

(e)     Proofs of Claim that do not meet the submission requirements may be rejected.  Prior to rejection of a timely filed Proof of Claim, the Settlement Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy the curable deficiencies in such timely submitted Proof of Claim.  The Settlement Administrator shall notify, in a timely fashion and in writing, all claimants whose timely submitted Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose Proof of Claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (f) below;

(f)     If any claimant whose Proof of Claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (e) above, serve upon the Settlement Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the

Court.  If a dispute concerning a Proof of Claim cannot be otherwise resolved, Lead Class Counsel shall thereafter present the request for review to the Court; and

(g)     The administrative determinations of the Settlement Administrator accepting and rejecting Proofs of Claim shall be presented to the Court, on notice to Counsel for the Settling Defendants, for approval by the Court.

33.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Proof of Claim, and the Proof of Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Class Member and the validity and amount of the claimant's Proof of Claim.  No discovery shall be allowed on the merits of the Actions or the Settlements in connection with processing of the Proofs of Claim.

34.     All persons and entities whose Proofs of Claim are not approved by the Court shall be barred from participating in distributions from the Strong Subtrack Settlement Payment, but otherwise shall be bound by all of the terms, to the extent applicable, of the Stipulations, the Settlements, the Judgments to be entered in the Strong Subtrack Constituent Actions, and the releases provided for therein, and will be barred from asserting any Claim against any of the Settling Defendants or their Related Persons.

35.     The Strong Subtrack Settlement Payment shall be distributed to Authorized Claimants by the Settlement Administrator only after a Final Order and Judgment dismissing with prejudice all Claims of Plaintiffs and Class Members against the Settling Defendants has been entered and is no longer subject to appeal, and after:  (i) all timely submitted Proofs of Claim have been processed, and all claimants whose timely submitted Proofs of Claim have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be

heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed timely submitted Proofs of Claim have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, all appeals therefrom have been resolved or the time therefor has expired; and (iv) all costs of administration have been paid.

## OTHER CASES ENJOINED

36.     All proceedings in the Strong Subtrack Constituent Actions, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlements, are hereby stayed and suspended until further order of this Court.  Pending final approval of the Settlements, the Court hereby preliminarily enjoins each member of the Class, including any member of the Class who requests exclusion from the Class, from commencing, prosecuting, continuing, or asserting in any court other than this Court any action or any claims that challenges or seeks review of or relief from any order, judgment, act, decision or ruling of the Court in connection with the Settlements.  The Court further enjoins any member of the Class who has not made a timely request for exclusion from commencing, prosecuting, continuing, or asserting, either directly, representatively, or in any other capacity, any Claim against any of the Settling Defendants or their Related Persons.

## PAYMENT OF THE SETTLEMENT FUNDS

37.     The settlement funds held by the Escrow Agents under the Settlements shall be deemed and considered to be in legal custody of the Court, and shall remain subject to the jurisdiction of the Court, until those funds have been distributed pursuant to the Settlements and/or further order(s) of the Court.

38.     As provided in the Settlements, and subject to the limitations contained in the Stipulations relating to the Settlements, Lead Class Counsel may pay the Settlement Administrator from settlement funds, without further order of the Court, the reasonable fees and costs associated with giving notice to the Class, the review and processing of claims, and administration of the Settlements.

39.     Lead Class Counsel or their agents are authorized and directed to prepare any tax returns and any other tax reporting for or in respect of the settlement funds and paying from the settlement funds any taxes owed with respect to the settlement funds, and to otherwise perform all obligations with respect to taxes and any reporting or filings in respect thereof as contemplated by the Settlements, without further order of the Court.

**EFFECT OF TERMINATION OF SETTLEMENTS**

40.     If any of the Settlements is properly terminated in accordance with its terms:

(a)     the terminated settlement shall be null and void, of no further force or effect, and without prejudice to any party to that Settlement, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity;

(b)     this Preliminary Approval Order shall be vacated in respect of the terminated settlement; and

(c)     each party to that settlement shall be restored to the party's respective position as provided in the relevant stipulation and the parties to that Settlement shall proceed as if that stipulation had not been entered.

**RETENTION OF JURISDICTION**

41.     The Court retains exclusive jurisdiction over the Strong Subtrack Constituent Actions to consider all further matters arising out of or connected with the Settlements, including enforcement of the injunction provided for in this Preliminary Approval Order.

42.     The Clerk is directed to enter this Preliminary Approval Order on the docket for each of the actions listed on Appendix C.


Entered this ___19___ day of ___May___ 2010.


_____
**UNITED STATES DISTRICT JUDGE**

- 25 -

## Appendix A

### Strong Funds

Strong Advisor Bond Fund (f/k/a Strong Bond Fund)

Strong Advisor Common Stock Fund (f/k/a Strong Common Stock Fund)

Strong Advisor Endeavor 20 Fund

Strong Advisor Endeavor Large Cap Fund

Strong Advisor Focus Fund

Strong Advisor International Core Fund

Strong Advisor Large Company Core Fund

Strong Advisor Mid Cap Growth Fund (f/k/a Strong Mid Cap Growth Fund)

Strong Advisor Municipal Bond Fund

Strong Advisor Select Fund

Strong Advisor Short Duration Bond Fund (f/k/a Strong Short-Term Global Bond Fund)

Strong Advisor Small Cap Value Fund (f/k/a Strong Small Cap Value Fund)

Strong Advisor Strategic Income Fund (f/k/a Strong Advisor Aggressive High-Yield Bond Fund)

Strong Advisor Technology Fund

Strong Advisor U.S. Mid Cap Growth Fund

Strong Advisor U.S. Small/Mid Cap Growth Fund

Strong Advisor U.S. Value Fund (f/k/a Strong Equity Income Fund)

Strong Advisor Utilities and Energy Fund

Strong Aggressive Portfolio

Strong Small/Mid Cap Value Fund (f/k/a Strong All Cap Value Fund)

Strong Asia Pacific Fund

Strong Balanced Asset Fund (f/k/a Strong Balanced Stock Fund and Strong Schafer Balanced Fund)

Strong Balanced Fund (f/k/a Strong Asset Allocation Fund)

Strong Blue Chip Fund (f/k/a Strong Blue Chip 100 Fund)

Strong Conservative Portfolio

Strong Corporate Bond Fund

Strong Corporate Income Fund

Strong Discovery Fund

Strong Discovery Fund II

Strong Dividend Income Fund (f/k/a Strong American Utilities Fund)

Strong Dow 30 Value Fund

Strong Endeavor Fund

Strong Energy Fund (f/k/a Strong Limited Resources Fund)

Strong Enterprise Fund

Strong Florida Municipal Money Market Fund

Strong Foreign MajorMarketsSM Fund

Strong Global High-Yield Bond Fund

Strong Growth Fund

Strong Growth 20 Fund

Strong Growth and Income Fund

Strong Government Securities Fund

Strong Heritage Money Fund

Strong High-Yield Bond Fund

Strong High-Yield Municipal Bond Fund

Strong Index 500 Fund

Strong Intermediate Municipal Bond Fund

Strong International Bond Fund

Strong International Stock Fund

Strong International Stock Fund II

Strong Internet Fund

Strong Investors Money Fund

Strong Large Cap Core Fund (f/k/a Strong Strategic Group Fund)

Strong Large Cap Growth Fund (f/k/a Strong Total Return Fund)

Strong Large Company Growth Fund

Strong Mid Cap Fund

Strong Mid Cap Disciplined Fund

Strong Mid Cap Growth Fund II

Strong Minnesota Tax-Free Fund

Strong Moderate Portfolio

Strong Money Market Fund

Strong Multi Cap Value Fund (f/k/a Strong Schafer Value Fund)

Strong Multi Cap Value Fund II

Strong Municipal Advantage Fund

Strong Municipal Bond Fund

Strong Municipal Money Market Fund

Strong Municipal Ultra Short Fund

Strong Opportunity Fund

Strong Opportunity Fund II

Strong Overseas Fund

Strong Science and Technology Fund

Strong Short-Term Bond Fund

Strong Short-Term High Yield Bond Fund

Strong Short-Term High Yield Municipal Fund

Strong Short-Term Income Fund

Strong Short-Term Municipal Bond Fund

Strong Small Cap Fund

Strong Small Cap Growth Fund

Strong Small Company Value Fund

Strong Stable Value Fund

Strong Step 1 Money Fund

Strong Strategic Value Fund

Strong Tax-Free Money Fund

Strong Technology 100 Fund

Strong Technology Index Plus Fund

Strong Ultra Short-Term Income Fund (f/k/a Strong Advantage Fund)

Strong Ultra Short-Term Municipal Income Fund

Strong U.S. Emerging Growth Fund

Strong Value Fund

Strong Wisconsin Tax-Free Fund

.

## Appendix B

## Strong Registrants

Strong Advantage Fund, Inc. (the registrant and issuer of the Strong Ultra Short-Term Income Fund (f/k/a Strong Advantage Fund))

Strong Asia Pacific Fund, Inc. (the registrant and issuer of the Strong Asia Pacific Fund)

Strong Balanced Fund, Inc. (f/k/a Strong Asset Allocation Fund, Inc.) (the registrant and issuer of the Strong Balanced Fund (f/k/a Strong Asset Allocation Fund))

Strong Balanced Stock Fund, Inc. (f/k/a Strong Schafer Funds, Inc.) (the registrant and issuer of the Strong Balanced Asset Fund (f/k/a Strong Balanced Stock Fund and Strong Schafer Balanced Fund))

Strong Common Stock Fund, Inc. (the registrant and issuer of the Strong Advisor Common Stock Fund (f/k/a Strong Common Stock Fund), Strong Advisor Endeavor Large Cap Fund, Strong Advisor Focus Fund, and Strong Advisor Technology Fund)

Strong Conservative Equity Funds, Inc. (f/k/a American Utilities Fund, Inc.) (the registrant and issuer of the Strong Advisor U.S. Value Fund (f/k/a Strong Equity Income Fund), Strong Blue Chip Fund (f/k/a Strong Blue Chip 100 Fund), Strong Dividend Income Fund (f/k/a Strong American Utilities Fund), Strong Energy Fund (f/k/a Strong Limited Resources Fund), and Strong Growth and Income Fund)

Strong Corporate Bond Fund, Inc. (f/k/a Strong Income Fund, Inc.) (the registrant and issuer of the Strong Corporate Bond Fund)

Strong Discovery Fund, Inc. (the registrant and issuer of the Strong Discovery Fund)

Strong Equity Funds II, Inc. (f/k/a Schafer Value Fund, Inc., Strong Multi Cap Value Fund, Inc., and Strong Schafer Value Fund, Inc.) (the registrant and issuer of the Strong All Cap Value Fund, Strong Multi Cap Value Fund, Strong Small Company Value Fund, and Strong Strategic Value Fund)

Strong Equity Funds, Inc. (f/k/a Strong Growth Fund, Inc.) (the registrant and issuer of the Strong Advisor Large Company Core Fund, Strong Advisor Mid Cap Growth Fund (f/k/a Strong Mid Cap Growth Fund), Strong Advisor Small Cap Value Fund (f/k/a Strong Small Cap Value Fund), Strong Advisor Utilities and Energy Fund, Strong Dow 30 Value Fund, Strong Enterprise Fund, Strong Growth 20 Fund, Strong Growth Fund, Strong Index 500 Fund, Strong Internet Fund, Strong Large Cap Core Fund (f/k/a Strong Strategic Group Fund), Strong Large Company Growth Fund, Strong Mid Cap Disciplined Fund, Strong Mid Cap Fund, Strong Small Cap Fund, Strong Technology 100 Fund, Strong Technology Index Plus Fund, Strong U.S. Emerging Growth Fund, and Strong Value Fund)

Strong Government Securities Fund, Inc. (the registrant and issuer of the Strong Government Securities Fund)

Strong Heritage Reserve Series, Inc. (the registrant and issuer of the Strong Heritage Money Fund, Strong Investors Money Fund, and Strong Step 1 Money Fund)

Strong High-Yield Municipal Bond Fund, Inc. (the registrant and issuer of the Strong High-Yield Municipal Bond Fund)

Strong Income Funds, II, Inc. (f/k/a Strong Institutional Funds, Inc.) (the registrant and issuer of the Strong Advisor Bond Fund (f/k/a Strong Bond Fund))

Strong Income Funds, Inc. (f/k/a Strong US Treasury Money Fund, Inc.) (the registrant and issuer of the Strong Advisor Municipal Bond Fund, Strong Corporate Income Fund, Strong High-Yield Bond Fund, Strong Short-Term High Yield Bond Fund, Strong Short-Term Income Fund, and Strong Stable Value Fund)

Strong Income Trust (the registrant and issuer of the Strong Florida Municipal Money Market Fund)

Strong International Equity Funds, Inc. (f/k/a Strong International Stock Fund, Inc.) (the registrant and issuer of the Strong Advisor International Core Fund, Strong Foreign MajorMarketsSM Fund, Strong International Stock Fund, and Strong Overseas Fund)

Strong International Income Funds, Inc. (f/k/a Strong International Bond Fund, Inc.) (the registrant and issuer of the following Strong Funds: Strong Global High-Yield Bond Fund and Strong International Bond Fund)

Strong Insured Municipal Bond Fund, Inc.

Strong Large Cap Growth Fund, Inc. (f/k/a Strong Total Return Fund, Inc.) (the registrant and issuer of the Strong Large Cap Growth Fund (f/k/a Strong Total Return Fund))

Strong Life Stage Series, Inc. (the registrant and issuer of the Strong Aggressive Portfolio, Strong Conservative Portfolio, and Strong Moderate Portfolio)

Strong Money Market Fund, Inc. (the registrant and issuer of the Strong Money Market Fund)

Strong Municipal Bond Fund, Inc. (the registrant and issuer of the Strong Municipal Bond Fund)

Strong Municipal Funds, Inc. (f/k/a Strong Municipal Money Market Fund, Inc.) (the registrant and issuer of the Strong Intermediate Municipal Bond Fund, Strong Minnesota Tax-Free Fund, Strong Municipal Advantage Fund, Strong Municipal Money Market Fund, Strong Municipal Ultra Short Fund, Strong Short-Term High Yield Municipal Fund, Strong Tax-Free Money Fund, Strong Ultra Strong-Term Municipal Income Fund, and Strong Wisconsin Tax-Free Fund)

Strong Opportunity Fund II, Inc. (f/k/a Strong Opportunity Fund II, Inc./WI/ And Strong Special Fund, Inc.) (the registrant and issuer of the Strong Opportunity Fund II)

Strong Opportunity Fund, Inc. (the registrant and issuer of the Strong Advisor Endeavor 20 Fund, Strong Advisor Select Fund, Strong Advisor U.S. Mid Cap Growth Fund, Strong Advisor U.S. Small/Mid Cap Growth Fund, Strong Endeavor Fund, Strong Opportunity Fund, and Strong Science and Technology Fund)

Strong Short-Term Bond Fund, Inc. (the registrant and issuer of the Strong Short-Term Bond Fund)

Strong Short-Term Global Bond Fund, Inc. (the registrant and issuer of the Strong Advisor Short Duration Bond Fund (f/k/a Strong Short-Term Global Bond Fund) and Strong Advisor Strategic Income Fund (f/k/a Strong Advisor Aggressive High-Yield Bond Fund))

Strong Short-Term Municipal Bond Fund, Inc. (the registrant and issuer of the Strong Short-Term Municipal Bond Fund)

Strong Variable Insurance Funds, Inc. (the registrant and issuer of the Strong Discovery Fund II, Strong Mid Cap Growth Fund II, Strong Multi Cap Value Fund II, and Strong International Stock Fund II)

# Appendix C

## Strong Subtrack Constituent Actions

*Mule v. Strong Capital Management, Inc.*, No. 04-501

*Coleman v. Strong Financial Corporation*, No. 04-523

*Blevins v. Strong Capital Management, Inc.*, No. 04-532

*Jones v. Strong Financial Corporation*, No. 04-533

*Painter v. Strong Capital Management, Inc.*, No. 04-534

*LeFavour v. Strong Financial Corporation*, No. 04-535

*Stone v. Strong Advisor Common Stock Fund*, No. 04-536

*Reinhardt v. Strong Advisor Common Stock Fund*, No. 04-613

*Kuperschmidt v. Strong Capital Management, Inc.*, No. 04-614

*Torelli v. Strong Financial Corporation*, No. 04-619

*Halvorson v. Strong Advisor Common Stock Fund*, No. 04-621

*Congregation Ohel Torah v. Strong Capital Management, Inc.*, No. 04-622

*Garfield v. Banc of America Capital Management, Inc.*, No. 04-625

*DeSocio v. Strong Advisor Common Stock Fund*, No. 04-827

*Levy v. Strong Advisor Common Stock Fund*, No. 04-849

*McBride v. Strong Financial Corporation*, No. 04-851

*Steinberg v. Strong Advisor Common Stock Fund*, No. 04-852

*Mangialardi v. Strong Capital Management, Inc.*, No. 04-865

*Marshall v. Strong*, No. 04-937

*Lang v. Strong Advisor Common Stock Fund*, No. 04-938

*Mintz v. Strong*, No. 04-939

*Blum v. Strong*, No. 04-940

C-1

*Tsetsekos v. Strong Financial Corporation*, No. 04-942

*Cohen v. Strong Advisor Common Stock Fund*, No. 04-943

*Gottdiener v. Strong Advisor Common Stock Fund*, No. 04-944

*Ryan v. Strong Capital Management, Inc.*, No. 04-945

*Patterson v. Strong Financial Corporation*, No. 04-946

*Aradena v. Strong Advisor Common Stock Fund*, No. 04-947

*Kugi v. Strong Capital Management, Inc.*, No. 04-948

*Flynn v. Strong Capital Management, Inc.*, No. 04-949

*Ashman v. Strong Advisor Common Stock Fund*, No. 04-950

*Hossack v. Strong Advisor Common Stock Fund*, No. 04-951

*Hutton v. Strong Capital Management, Inc.*, No. 04-952

*Schneider v. Strong Financial Corporation*, No. 04-954

*Sayegh v. Janus Capital Corporation*, No. 04-1171

*Clancy v. Strong Advisor Common Stock Fund*, No. 04-1290

*Weinrib v. Strong Financial Corporation*, No. 04-1291

*Bader v. Strong Capital Management, Inc.*, No. 04-1315

*Sarah Ross Trust v. Strong Financial Corporation*, No. 04-1316

*Kelly v. Strong Capital Management, Inc.*, No. 04-1616

*Ferris v. Strong Capital Management, Inc.*, No. 04-1625

*Wilson v. Strong*, No. 04-1626

*Munroe v. Strong*, No. 04-1627

*Klafter v. Strong Capital Management, Inc.*, No. 04-1884

*Dapore v. Strong Financial Corporation*, No. 04-1885