IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MUTUAL FUNDS | ) | MDL 1586 |
| INVESTMENT LITIGATION | ) | |
| | ) | Case No. 04-MD-15864-02 |
| This Document Relates To: | ) | (Hon. J. Frederick Motz) |
| *Invesco Sub-Track*, | ) | |
| 04-md-15864-02 | ) | |
| | ) | |

## [PROPOSED] ORDER APPROVING DISTRIBUTION PLAN

Investor Class Lead Plaintiff, on notice to Defendants' counsel, moved this Court for an order approving a distribution plan for the settlement proceeds in the Invesco sub-track of MDL-1586 – *In re Mutual Funds Investment Litigation* (the "Action"), and the Court having considered all the materials and arguments submitted in support of this motion, including the Declaration of Jason Zuena in Support of Motion For Approval of Distribution Plan (the "Zuena Declaration") and Investor Class Lead Plaintiff's Memorandum in Support of Motion for Approval of Distribution Plan submitted therewith;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      This Order incorporates by reference the definitions in the Zuena Declaration and the Orders and Final Judgments entered in the Action, and all terms used herein shall have the same meanings as set forth therein.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Investor Class Members.

3.      Investor Class Lead Plaintiff's plan for distribution of the Net Settlement Fund and the OAG/Canary Fund to Authorized Claimants is **APPROVED**.  Accordingly,

a.      The administrative recommendations of the Court-approved Claims Administrator, The Garden City Group, Inc. ("GCG"), to accept the Timely Eligible

Claims, as set forth in Exhibit C-1 to the Zuena Declaration, and the Late But Otherwise Eligible Claims, as set forth in Exhibit C-2 to the Zuena Declaration, are adopted;

b.       The Claims Administrator's administrative recommendations to reject wholly ineligible or otherwise deficient Proofs of Claim, as set forth in Exhibit C-3 to the Zuena Declaration, including the Contested Claims described in Exhibit B to the Zuena Declaration, are adopted;

c.       Consistent with the Plan of Allocation previously approved by the Court, GCG is directed to distribute 100% of the available balance of the Net Settlement Fund (after deducting all payments previously allowed and those authorized herein, and after payment of any estimated taxes, the costs of preparing appropriate tax returns and any escrow fees) and 100% of the available balance of the OAG/Canary Fund (after deducting payment of any estimated taxes, the costs of preparing appropriate tax returns and any escrow fees) to the Authorized Claimants who would receive a distribution amount of at least $20.00 based on their Recognized Claims in comparison to the total Recognized Claims of all Authorized Claimants (the "Distribution").    Authorized Claimants whose distribution amounts are less than the $20.00 cut-off for payment set forth in the Plan of Allocation previously approved by the Court shall not receive a payment from the Distribution;

d.       In order to encourage Authorized Claimants to cash their Distribution checks promptly, and to avoid or reduce future expenses relating to unpaid Distribution checks, all Distribution checks shall bear the following notation:  "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]";

e.      Authorized Claimants who do not cash their Distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement Fund and the OAG/Canary Fund, and the funds allocated to all such stale-dated checks will be available to be re-distributed to other Authorized Claimants in any subsequent distributions;

f.      Subsequent to the passage of six (6) months from the Distribution, if Plaintiffs' Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of any funds remaining in the Net Settlement Fund and of any funds remaining in the OAG/Canary Fund, by reason of returned or uncashed checks or otherwise, to Authorized Claimants who have cashed their Distribution checks and who would receive at least $75.00 from such re-distribution based on their Recognized Claims, after payment from the Net Settlement Fund of any unpaid costs or fees incurred in administering the funds, including for such re-distribution.  Additional re-distributions shall occur thereafter to Authorized Claimants in three (3)-month intervals if Plaintiffs' Counsel, in consultation with the Claims Administrator, determines that additional re-distribution is cost-effective. At any such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund shall, subject to Court approval, be distributed to the Invesco/AIM Funds in proportion to the alleged dilution losses found by Investor Class Lead Plaintiff's Damages Expert;

g.      All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund, the Net Settlement Fund or the OAG/Canary Fund, are hereby released and discharged from any and all

claims arising out of such involvement, and all Class Members, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Plaintiffs or Plaintiffs' Counsel in connection with the administration or taxation of the Settlement Fund, Net Settlement Fund or OAG/Canary Fund beyond the amount allocated to Authorized Claimants;

h.      No further Proofs of Claim shall be accepted, and no further adjustments to Proofs of Claim shall be made for any reason, after September 25, 2012;

i.      All of GCG's fees and expenses incurred in connection with the administration of the Settlements and to be incurred in connection with the initial distribution as set forth on Exhibit D to the Zuena Declaration are approved.  In payment of the unpaid balance of GCG's fees and expenses, Investor Class Lead Counsel is directed to pay $360,363.10 out of the settlement proceeds to GCG pursuant to the terms of the Stipulations; and

j.      Paper copies of the Proof of Claim forms and all supporting documentation may be destroyed one year after the Distribution, and electronic copies of the Proof of Claim records may be destroyed three years after the Distribution.

4.      This Court retains jurisdiction to consider any further applications concerning the

administration of the Settlements, and such other and further relief as this Court deems

appropriate.

Dated:  Baltimore, Maryland
            _____, 2012


                                            _____
                                                      J. FREDERICK MOTZ
                                                   United States District Judge