IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE MUTUAL FUNDS
INVESTMENT LITIGATION

Strong Subtrack

)   MDL-15863
)
)   Case No. 04-md-15864
)
)

## CLASS DISTRIBUTION ORDER

**WHEREAS**, on October 25, 2010, this Court entered an Final Order and Judgment

approving the terms and conditions of the Stipulation of Settlement dated as of May 29, 2009

with the Strong Management Parties and the Strong Registrant Parties (the "Settlement

Stipulation") and Plaintiffs' Severed Agreements and Stipulations of Settlement with,

respectively, the BAS Parties, the Bear Stearns Parties, and the Canary Parties, collectively as

being fair, reasonable, and adequate for the settlement of all claims asserted by the Plaintiffs in

the Strong Sub-Track Constituent Actions against the Strong Defendants, the Bank of America

Parties, the Bear Stearns Parties, and the Canary Parties; and

**WHEREAS**, on October 25, 2010, this Court entered an Order Approving Plan of

Distribution In The Strong Sub-Track, which among other things approved the Plan of

Distribution of Net Settlement Funds (the "Plan of Distribution"), as set forth starting on page 6

of the printed Long-Form Notice of Pendency of Class Actions, Proposed Class Action

Settlements, Dismissal of Derivative Actions and Settlement Hearing provided to Class members

herein, and directed the Settlement Administrator to utilize the Plan of Distribution as the basis

for calculating and paying the amounts to be distributed to Class Members; and

**WHEREAS**, this Court has directed the parties to consummate the terms of the

Stipulation and the Plan of Distribution; and

**WHEREAS**, this Court has retained exclusive jurisdiction over the parties and the Class Members for all matters relating to the Strong Subtrack Constituent Actions, including the administration, interpretation, effectuation and enforcement of the Settlements and the Final Order and Judgment.

**NOW, THEREFORE**, upon reading and filing Class Plaintiffs' Motion, the Declaration of Stephen J. Cirami of The Garden City Group, Inc. ("GCG"), the Settlement Administrator (the "Cirami Declaration"), and the accompanying Memorandum of Law, and upon all prior proceedings herein and after due deliberation, and all initial capitalized terms used but not otherwise defined herein having the meanings ascribed to them in the Settlement Stipulation and Plan of Distribution; it is hereby

**ORDERED**, that the administrative determinations of the Settlement Administrator calculating the Recognized Claims of Class Members who were Direct Holders (other than Direct Holders who submitted Proofs of Claim establishing a larger Recognized Claim) based on the data supplied by the Strong Defendants, and accepting and rejecting Proofs of Claim submitted herein by Indirect Holders (and by those Direct Holders whose Proofs of Claim were accepted establishing a larger Recognized Claim), and calculating the Recognized Claims of Class Members who submitted such acceptable Proofs of Claim, as described in the Cirami Declaration, are APPROVED; and it is further

**ORDERED**, that the 15 claimants who have disputed the rejection of their claims, as described in the Cirami Declaration at paragraphs 54 through 59 have not established any right to share in the Net Settlement Fund and said claims are hereby REJECTED; and it is further

**ORDERED**, that the administrative determinations of the Settlement Administrator REJECTING all other Proofs of Claim -- other than those described as being accepted on Exhibit

2

G to the Cirami Declaration -- be approved, and said claims are hereby REJECTED; and it is further

**ORDERED**, The Garden City Group, Inc. be paid the sum of $994,455.24 from the Settlement Fund for the balance of its fees and expenses incurred and to be incurred in connection with services performed in giving notice to the Class, preparing tax returns for the Settlement Fund, calculating the Recognized Claim amounts of Class Members who were Direct Investors, processing the Proofs of Claim submitted for Indirect Investors and Direct Investors who submitted Proofs of Claim, and for its services to be performed in the distribution of the Net Settlement Fund to those Class Members who are entitled to a *pro rata* share of $10.00 or more from the Net Settlement Fund; and it is further

**ORDERED**, that the balance of the Settlement Fund after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the Class Members (including Direct Investors and Indirect Investors) whose Recognized Claim amounts, as calculated by the Settlement Administrator and as described in the Cirami Declaration, would, when comparing the total of all Class Members' Recognized Claims to the Net Settlement Fund available for distribution, entitle them to receive at least $10.00 on a *pro rata* basis; and it is further

**ORDERED**, that as provided in the Plan of Distribution, no payment shall be made to any Class Member whose Recognized Claim amounts, as calculated by the Settlement Administrator and as described in the Cirami Declaration, would, when comparing the total of all Class Members' Recognized Claims to the Net Settlement Fund available for distribution, entitle them to receive less than $10.00 on a *pro rata* basis; and it is further

**ORDERED**, that the payments to be distributed to the Authorized Claimants shall bear the notation ""CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION TO

3

OTHERS IF NOT CASHED BY [DATE 180 DAYS AFTER ISSUE DATE]." Lead Class

Counsel and the Settlement Administrator are authorized to take appropriate action to locate and

or contact any Class Member who has not cashed his, her or its distribution within said time; and

it is further

**ORDERED**, that the costs of such services to locate and reissue payments to such

Authorized Claimants shall be payable from the unclaimed/un-cashed monies remaining in the

Net Settlement Fund; and it is further

**ORDERED**, that, as provided in the Plan of Distribution previously approved by the

Court, after one year after the initial distribution of the Net Settlement Fund to Class Member

and after reasonable and diligent efforts have been made to have the Class Members cash their

distributions, Lead Class Counsel are authorized to cause the Settlement Administrator to

distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid

distributions or otherwise, to Class Members who have cashed their distributions, provided that

they would receive, on a *pro rata* basis, at least $10.00 on such re-distribution based on their

Recognized Claims, after payment of any unpaid costs or fees incurred in administering the Net

Settlement Fund for such re-distribution. If after six months after such re-distribution $25,000 or

more shall still remain in the Net Settlement Funds a second re-distribution shall be made to

Class Members who have cashed their re-distributions and who, on a *pro rata* basis, would

receive at least $10.00 from such second re-distribution, after payment of any unpaid costs or

fees incurred in administering the Net Settlement Funds for such second re-distribution. If after

six months after the first re-distribution less than $25,000 shall remain in the Net Settlement

Funds, or if there has been a second re-distribution, six months after the second re-distribution,

and any funds still remain in the Net Settlement Funds, then such balance shall be contributed to

#1940417v.1

non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Class Counsel and Fund Derivative Counsel, with the consent of the Court; and it is further

**ORDERED**, that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the data and claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order, and it is further

**ORDERED**, that the Settlement Administrator is hereby authorized to discard paper or hard copies of the Proofs of Claim and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the Class Members; and it is further

**ORDERED**, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action; and it is further

**ORDERED**, that no claim submitted, and no deficient claim corrected, after February 13, 2013 may be accepted for any reason whatsoever.

Dated: Baltimore, Maryland  
3/2.6 , 2013

**BY THE COURT:**

_____  
Catherine C. Blake  
United States District Judge

#1940417v.1